Plaintiff's Name Gerald A. West
Inmate No. 54421-060
Address USP-P.O. Box 33
Terre Haute, Indiana 47808

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 2 3 2009

JAMES N. HATTEN, CLERK
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD A WEST
(Name of Plaintiff)

(Case Number)

vs.

COMPLAINT 1 09-CV-3328

Bivens Action [403 U.S. 388 (1971)]

1. C/O C. PEOPLES
2. C/O ROSA

(Names of all Defendants)

I. **Previous Lawsuits (list all other previous or pending lawsuits on back of this form):**

A. Have you brought any other lawsuits while a prisoner? Yes ✓ No ___

B. If your answer to A is yes, how many? One
Describe previous or pending lawsuits in the space below.
(If more than one, use back of paper to continue outlining all lawsuits.)

1. Parties to this previous lawsuit:

Plaintiff Gerald A. West

Defendants 1. John Doe 1; John Doe 2; and John Doe 3

2. Court (if Federal Court, give name of District; if State Court, give name of County)
U.S. District Court, Eastern District of California

3. Docket Number 1:09-CV-01277 4. Assigned Judge Lawrence J. O'Neil

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
Still pending

6. Filing date (approx.) 09-27-2009 7. Disposition date (approx.) Still pending



rec'd
Filed 1120'09 USDC Fin 4AM 11 34

0A9

## II. Exhaustion of Administrative Remedies

A. Is there an inmate appeal or administrative remedy process available at your institution?

Yes ✓ No___

B. Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes ✓ No___ A Tort Claim was firmly file in Regional Office.

If your answer is no, explain why not______

C. Is the process completed?

Yes ✓ If your answer is yes, briefly explain what happened at each level.

I filed grievances, which went unanswered, so I filed a Tort Claim No. TRT-SER-2009-01517, with the FBOP's South Regional Office. That Tort Claim was subsequently denied on May 22, 2009.

No___ If your answer is no, explain why not.

**NOTICE:** Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit.** Booth, 532 U.S. at 734.

III. **Defendants**

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant C. Peoples is employed as an Correctional Officer at USP/FCI Atlanta, Federal Bureau of Prisons.

B. Additional defendants Ms. Rosa, is employed as an Correctional Officer at the USP/FCI Atlanta, Federal Bureau of Prisons.

IV. **Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

ON 10-03-2007, while I was being housed at the USP/FCI Atlanta, OCU II Cell 336. I Complained to Correctional Officer, C. Peoples, that I had not had a Shower in 6 days and wanted to Speak to a Lt. because C. Peoples had refused to give Me a Shower. C. Peoples became rude and threatened to beat Me and then frame Me for assaulting him. When I put My arm outside of the Food Slot to retrieve Some ice C. Peoples Slammed My arm in the Food Slot injuring My arm. C. Peoples then rushed into My cell and grabbed Me around My Neck very tightly using excessive force, and Severly injured My Neck. I had to receive Medical attention to My neck. See: Exhibit #A (Medical incident Report treatment Verification). I Still Suffer From the -

"go to Page #2 of Statement of Claim."

V. **Relief.**

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

• I'M Seeking $100,000.00 From the defendants in there individual and offical Capacities; as Compensatory and/or punitive damages for My injuries Systained.

• I'M requesting that all Filing Fees, and attorney Fees be paid by the defendants.

• I'M requesting that My Neck be Medically repaired, and the defendant's pay all Medical bills for Said repair.

I declare under penalty of perjury that the foregoing is true and correct.

Date 11/02/09     Signature of Plaintiff X [signature]

(Revised 2/15/2006)

neck injury. Which has caused permanent injury, and a growth on my neck. Ms. Rosa stood guard at my cell door and watched Peoples assault me. Then I was paraded down the hallway by Peoples while he continued to forcebly hold my neck. Peoples took me into an empty room where he further assaulted me, while Ms. Rosa stood guard at the door as a look out causing her to be liable for the assault and injury I sustained from the excessive force.

Internal Affairs from the FBOP done an investigation but I was not made aware as to their full findings. Staff at USP/FCI Atlanta has done nothing but try to sweep the incident under the rug. See: Exhibit #B pages 1-3, (Internal Affair Report).

C/O C. Peoples, filed a false incident report against me as well, in an attempt to cover up his misconduct, but the incident report was subsequently dismissed by the DHO. See: Exhibit #G (the false incident report filed by C. Peoples).

I filed a BP8 and BP9 (grievances) but they were never answered. So I filed a BP10 and BP11, but they weren't answered either. So I filed a Tort Claim. See: Exhibits #C and #D (BP10 and BP11 grievances in which I filed).

I filed a Tort Claim as an exhaustion of remedies, and in an effort seeking compensation for my injuries sustained. See: (Tort Claim filed on November 20, 2008, labelled as Exhibit #E pages 1-4).

"go to Page #3 of Statement of Claim."

The Tort Claim was subsequently denied by the Southeast Regional Office on May 22, 2009. See: Exhibit #F (Tort Claim denial - Tort Claim No. TRT-SER-2009-01517).

The Claimant now files a Bivens Action against the defendants for violating his 8th Amendment Constitutional rights for use of excessive force, and for causing a personal injury to his arm, neck, and back, by use of unauthorized excessive force. Excessive force constitutes cruel and unusual punishment which violates the Eighth Amendment. See: Hudson v. McMillian, 503 U.S. 1 (1992). The force used by C. Peoples was unauthorized, he cannot put his hand around my neck and choke me severely; he cannot slam my arm in a food slot; and he cannot beat or assault me. And Ms. Rosa cannot stand guard at the door for him as a look out and allow the excessive force to take place without intervening. C. Peoples used wanton and malicious means to choke and beat me, and his intent was clearly to harm me. I was already restrained and in compliance when he choked and beat me. This violated the Eighth Amendment. And he and Rosa (C. Peoples and Rosa), must be held liable for my physical injuries. See: Estate of Davis by Ostenfeld v. Delo, [illegible] G.W. → 115 F.3d 1388 (8th Cir. 1997). Wherefore, the Claimant is requesting that he be awarded damages sought.

Date: 11, 02, 09.

x [signature]

Copy

BP-A362.060 SEP 05 **INMATE INJURY ASSESSMENT AND FOLLOWUP (Medical)** CDFRM

**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

| 1. Institution: USP Atlanta | 2. Name of Injured: Gerald West | 3. Register Number: 54421-060 |
|---|---|---|
| 4. Injured's Duty Assignment: DCU II Unassigned | 5. Housing Assignment: DCU II 336 | 6. Date and Time of Injury: 10-3-07 1700 |
| 7. Where did Injury Happen (Be specific as to location): DCU II 334 | Work Related? ☐ Yes ☑ No | 8. Date & Time Reported for Treatment: 10-3-07 1925 |

9. Subjective. A) Cause of Injury (Inmate's Statement of how injury occurred): Officer hand cuffed me [illegible] my back and grabbed me by the neck

B) Symptoms (as reported by inmate):

[signature] Signature of Patient

10. Objective: (Observations or Findings from Examination) Noted abrasion & redness to neck area no other noted injuries no Trauma noted to Trachea No complication

X-Rays Taken ____ Not Indicated ____

X-Ray Results

11. Assessment: (Analysis of Facts Based on Subjective and Objective Data) Noted abrasion + Redness to neck area

12. Plan: (Diagnostic Procedures with Result, Treatment and Recommended Follow-up) Educate Return to Care if [illegible]

a. No Medical Attention (Check applicable)

- ☑ a. No Medical Attention
- ☐ b. Minor First Aid
- ☐ c. Hospitalization
- ☐ d. Other (Explain)

☐ e. Pain assessment: (Optional)

Mild Moderate Severe

1--2--3--4--5--6---7--8--9--10

[signature]

Signature of Physician or Physician Assistant

Abrasion [illegible]

Original- Medical File; Canary - Safety; Pink - Supervisor; Goldenrod - Correctional Supervisor

(This form may be replicated via WP) Replaces BP-S362.060 of FEB 05

(b)(6), (b)(7)c

Exhibit # A [redacted] G.W.

# FEDERAL BUREAU OF PRISONS

## Office of Internal Affairs



**Matter ID** OIA-2008-01279 **OIG Case Number** 2008001845 **Name** (b)(6), (b)(7)c **Field Office** STL

**Region** SER **Institution** ATL **Open Date** 01/15/2008 **Number of Subjects** 2

**Date Allegation Rptd.** 01/08/2008 **Investigated By** OIG **Category** 1

**CASE DESCRIPTION**

(b)(6), (b)(7)c Physical Abuse of an Inmate

**CASE SUMMARY**

In a letter dated January 8, 2008, inmate Gerald West, #54421-060, claims that on October 3, 2007, he ask(b)(6), (b)(7)c (b)(6), (b)(7)c if he could speak to a lieutenant regarding showers and recreation(b)(6), (b)(7)c allegedly refused. West claims that when he reached through the food slot in his cell to get a cup of ice(b)(6), (b)(7)c slammed his arm in the food slot. West then asked to see a nurse(b)(6), (b)(7)c allegedly refused and told West if he asked again he would "beat him down" and write an assault charge on him. West states he again asked to see a nurse. He clai(b)(6), (b)(7)c then opened his cell door and ordered him to lay down on the floor and submit to restraints. West clai(b)(6), (b)(7)c then grabbed his neck and started choking him. West clai(b)(6), (b)(7)c then removed him from cell and began parading him up and down the unit chanting, "This is what happens to stupid niggers." West claims he was escorted to an empty cell, we(b)(6), (b)(7)c kicked and beat him while (b)(6), (b)(7)c watched. West claims he was left handcuffed in the cell for 1/2 hour. West currently is incarcerated at USP Atwater. An Inmate Injury Assessment and Follow Up dated October 3, 2007, indicates West sustained abrasions and redness to his neck. No medication attention was needed.

**OTHER COMMENTS**

**FINAL DISPOSITION**

(b)(6), (b)(7)c

Accordingly, the allegation of Physical Abuse of an Inmate against (b)(6), (b)(7)c is not sustained.

---

**COMPLAINANT INFORMATION**

**Complainant Name** WEST, GERALD A. **Title/Inmate Reg. No.** 54421-060

**VICTIM INFORMATION**

**Victim Name** WEST, GERALD A. **Title/Inmate Reg. No.** 54421-060

**OIG DISPOSITION**

**Referred Date** 01/09/2008 **Deferred Date** **Deferred By** MIAMI FIELD OFFICE

**Disposition** INVE **Comments**

**EVENTS**

**Date Scheduled** 01/09/2008 **Suspense/Due Date** 02/09/2008 **Description** PENDING DEFERRAL BY OIG

**Comments**

**Date Scheduled** 01/30/2008 **Suspense/Due Date** 05/29/2008 **Description** ON-GOING OIG INVESTIGATION

**Comments**

**Date Scheduled** 07/09/2008 **Suspense/Due Date** **Description** ON-GOING OIG INVESTIGATION

**Comments** (b)(6), (b)(7)c advised ongoing investigat(b)(6), (b)(7)c

**CASE STATUS**

**Status** CLOS **Disposition** NSUS **Close Date** 09/16/2008

Exhibit #B - Page 1 of 3

**FED[illegible]L BUREAU OF PRISONS**
**OF[illegible]CE OF INTERNAL AFFAIRS**
**SUBJECT REPORT**

**01/17/2008** **Page 1 of 2**

**Matter ID:** OIA-2008-01279 **Agent:** (b)(6), (b)(7)c

**SUBJECT INFORMATION**

**Name:**
**Region:**
**Duty**

(b)(6), (b)(7)c

**REPORTED ALLEGATIONS**

**Allegation Master Code** 101 **Allegation Sub-Code** 001D **Reported Date** 01/15/2008 **Legal Action** **Sentence Date**

**Offense**

**Comments**

**SUSTAINED ALLEGATIONS**

**STATUS**

**Disposition:** **Close Date:** **Disciplinary Action:** **Days Suspended:**

**Comments:**

**DEMOGRAPHIC INFORMATION**

(b)(6), (b)(7)c

Exhibit #B - Page 2 of 3

FEDERAL BUREAU OF PRISONS
OFFICE OF INTERNAL AFFAIRS
SUBJECT REPORT

01/17/2008



SUBJECT INFORMATION

(b)(6), (b)(7)c

(b)(6), (b)(7)c

REPORTED ALLEGATIONS

| Allegation Master Code | 101 | Allegation Sub-Code | 001D | Reported Date | 01/15/2008 | Legal Action | Sentence Date |
|---|---|---|---|---|---|---|---|

Offense

Comments

SUSTAINED ALLEGATIONS

STATUS

Disposition: Close Date: Disciplinary Action: Days Suspended:

Comments:

DEMOGRAPHIC INFORMATION

(b)(6), (b)(7)c

(b)(6), (b)(7)c

Exhibit #B - Page 3 of 3

U.S. Department of Justice

Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: [illegible] ______ LAST NAME, FIRST, MIDDLE INITIAL ______ REG. NO. ______ UNIT ______ INSTITUTION

**Part A - REASON FOR APPEAL**

[illegible] ATLANTA ... [illegible] ... IN THE [illegible]

______ DATE ______ SIGNATURE OF REQUESTER

**Part B - RESPONSE**

______ DATE ______ REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE CASE NUMBER: ______

**Part C - RECEIPT**

CASE NUMBER: [illegible]

Return to: ______ LAST NAME, FIRST, MIDDLE INITIAL ______ REG. NO. ______ UNIT ______ INSTITUTION

SUBJECT: ______

______ DATE Exhibit #C ______ SIGNATURE, RECIPIENT OF REGIONAL APPEAL

U.S. Department of Justice

# Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: ______ LAST NAME, FIRST, MIDDLE INITIAL ______ REG. NO. ______ UNIT ______ INSTITUTION

**Part A - REASON FOR APPEAL**

[illegible] REQUEST OF NOT BEING ANSWERED [illegible] BP 10 AND BP 11. SO I CAN NOT [illegible] APPEAL

[illegible]
DATE

[illegible]
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE

GENERAL COUNSEL

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: ______

**Part C - RECEIPT**

CASE NUMBER: ______

Return to: ______ LAST NAME, FIRST, MIDDLE INITIAL ______ REG. NO. ______ UNIT ______ INSTITUTION

SUBJECT: ______

DATE

Exhibit #17

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.) (Number, street, city, State and Zip Code)* |
|---|---|
| Federal Bureau of Prisons<br>South Central Regional Office<br>4211 Cedar Springs Road<br>Dallas, Texas 75219 | Mr. Gerald West<br>Fed. Reg. # 54421-060<br>P.O. Box 33<br>Terre Haute, Indiana 47808 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| [ ] MILITARY [X] CIVILIAN | 01 July '66 | single | 03 October 2007 | 5:07 p.m. |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

" SEE ATTACHED "

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

N/A

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. Multiple lacerations to the neck, neck and back strain and continued pain and suffering.

**11. WITNESSES**

| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
|---|---|
| John/Jane Doe Medical Personnel | USP Atlanta, Atlanta, Georgia |
| C/o Rosa | USP Atlanta, Atlanta, Georgia |

**12.** *(See instructions on reverse)* **AMOUNT OF CLAIM** *(in dollars)*

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
|---|---|---|---|
| N/A | $100,000.00 | N/A | $ 100,000.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| | N/A | 20 Nov 2008 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS

**Complete all items - Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. *Complete regulations pertaining to claims asserted under the Federal Tort Claims* Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the *claim is signed by the agent or legal representative, it must show the title or legal* capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a) In support of the claim for personal injury or death, the claimant should* submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ☐ No

N/A

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

NO

17. If deductible, state amount

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* ☐ No

N/A

SF 95 (Rev. 7-85) BACK

Exhibit F - Page 2 of 4

SF-95 Continuation Sheet

## PREAMBLE

This SF-95 Administrative Tort Claim involves the brutal attack upon the person of prisoner Gerald West, one committed to the care, custody and control of the Federal Bureau of Prisons ( FBOP ), by employees and/or officers of the United States Government. The Claimant has suffered and continues to suffer unnecessarily as a direct result of the unprofessional actions of said employees/officers.

## STATEMENT OF CLAIM

On or about 03 October 2007, while confined at the United States Penitentiary at Atlanta, Georgia, Claimant, Gerald West asked S.O.S. C. Peoples ( hereinafter " Peoples " or " tortfeasor " as the context may, from time to time, require ) for a shower.

West had not had a shower in approximately six (6) calendar days. West was not in any way attempting to incite trouble with Peoples. When Peoples became beligerent toward West, West requested to speak to a lieutenant, which is the custom when a subordinate officer is intent upon running afoul of policies, customs or practices put in place to insure the orderly operation of the institution.

While waiting for the lieutenant, West stuck his arm through the food slot to receive some ice. Upon seeing West's arm, Peoples slammed the slot closed, injuring West's arm. When West asked to be seen by medical for his arm, Peoples threatened to beat him down and use the disciplinary process to frame West for assault.

When West again asked for medical attention, Peoples ran in West's cell, ordering him into restraints. Instead of simply restraining ( although even that restraint was unnecessary since West was non-combative and locked in a closed cell where he was no threat to himself or others ) West, Peoples proceeded to assault West by applying an unauthorized choke hold to West's neck, inhibiting West's ability to breathe.

Peoples then, in a rage, paraded the limp body of West up and down the walkway as an example to other prisoners saying " This is what happens to stupid niggers. "

## DISCUSSION

Peoples was not authorized by FBOP policy regarding the use of force to come into the cell of West and apply any choke hold as a punishment for asking about a shower that he was otherwise entitled to. The result of this unauthorized use of force is that Mr. West was significantly injured by Peoples and subjected to victimization under the Hate Crimes legislation by one of the same race. This treatment is abhorrent to the concept of ordered liberty and runs afoul of basic concepts of fairness and decency that



Exhibit #E - Page #3 of 4

SF-95 Continuation Sheet

mark the progress of our maturing society.

Prisoners of these United States are not to be treated as inhuman trophies for attention-starved corrections officials to vindicate their manliness. Persons are sent to correctional facilities, away from the society at large, as punishment for crime -- not to be punished. If Mr. West had done something to violate a rule or procedure of the institution or of the FBOP, certainly there is a mechanism in place called a disciplinary process that Peoples could have utilized without resort to violent acts and demeaning taunting in violation of the FBOP Standard of Employee Conduct found at PS 3420.09.

But there is a long-standing custom or usage of unnecessary violence towards prisoners in the FBOP that operates with the force and effect of a written law without ever being memorialized in any official writing. It is this custom or usage that is at the heart of the violence perpetrated against Mr. West.

Mr. west has sustained significant injuries and should be compensated in the amount of $ 100,000.00 ( one-hundred thousand dollars ).

There is currently a cover-up of the incident taking place at the USP Atlanta. However, a prudent review of the record will indicate that the foregoing took place on the date and time herein described.

Thanking you in advance for your valuable time and attention in this matter.

Respectfully,

11/20/09
( date )

[signature]
Mr. Gerald West



Exhibit # E Page 4 of 4

U.S. Department of Justice
Federal Bureau of Prisons

**Incident Report**

(121)

1. NAME OF INSTITUTION

**PART I – INCIDENT REPORT**

2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME

6. PLACE OF INCIDENT | 7. ASSIGNMENT | 8. UNIT

9. INCIDENT | 10. CODE

11. DESCRIPTION OF INCIDENT (Date: ____ Time: ____ Staff became aware of incident)

12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME | 13. NAME AND TITLE (Printed)

14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | 15. DATE INCIDENT REPORT DELIVERED | 16. TIME INCIDENT REPORT DELIVERED

**PART II – COMMITTEE ACTION**

17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT

18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU:

____ COMMITTED THE FOLLOWING PROHIBITED ACT.

____ DID NOT COMMIT A PROHIBITED ACT.

B. ✓ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING.

C. ____ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDAR DAYS.

19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION

20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)

21. DATE AND TIME OF ACTION ____ (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

Chairman (Typed Name/Signature) | Member (Typed Name) | Member (Typed Name)

**U.S. Department of Justice**

Federal Bureau of Prisons

*Southeast Regional Office*

*Building 2000*
*3800 Camp Creek Parkway, S.W.*
*Atlanta, Georgia 30331-6226*

May 22, 2009

**CERTIFIED MAIL**
**7007 1490 0001 9020 1872**

Gerald A. West
Reg. No. 54421-060
USP THP
P.O. Box 33
Terre Haute, IN 47808

**RE: Administrative Tort Claim Number TRT-SER-2009-01517**

Dear Claimant:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act (FTCA), Title 28 United States Code (U.S.C.) Section 2672 et seq., and authority granted by Title 28 Code of Federal Regulations (C.F.R.) Section 0.172. Section 2672 of the FTCA delegates to each federal agency the authority to consider, determine and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

Your claim dated November 20, 2008, asserts that on October 3, 2007, at the U.S. Penitentiary in Atlanta, Georgia, you asked for a shower and a correctional officer became belligerent toward you, so you asked to see a Lieutenant. While waiting for the Lieutenant, you stuck your arm through a food slot in your cell door to get some ice, and the officer slammed the slot's door on your arm injuring it. You allege he also threatened to beat you and to frame you for assault. Further, you allege when you asked for medical attention, the officer ran into your cell, ordered you into restraints, and applied a choke hold to your neck, causing significant injuries. You allege the officer then paraded your limp body in front of other inmates and told them "[t]his is what happens to stupid niggers." You assert you suffered multiple lacerations to your neck, back strain and pain. You want $100,000 from the United States as damages.

We have reviewed your claim along with reports from appropriate staff members. Staff report that after serving you a tray with the dinner meal through a food slot in your cell door, a correctional officer was trying to close the slot cover when you began kicking it to prevent him from closing it, resulting in an injury to the officer. You eventually submitted to placement in

Exhibit #F Page 1 of 2

restraints and were moved to another cell by that officer and another. Both you and the injured officer were given medical evaluations by a physician assistant. He observed an abrasion and redness to your neck area with no other injuries, and no trauma to your trachea or complications. He determined you needed no medical attention. The officer was found to have sustained an injury to his hand, an abrasion to one of his knuckles with mild swelling, and he was given minor first aid. There is no information the officer made the statement you attribute to him or displayed you to other inmates as an example.

Based on the above information, there is no evidence of staff negligence. To the extent you raise constitutional claims for excessive use of force and other mistreatment, civil rights claims are not within the purview of the FTCA. In accordance with 28 U.S.C. § 1346(b), the FTCA is a limited waiver of sovereign immunity providing compensation for property loss or personal injury which results from the negligent or wrongful act or omission of an employee of the United States who is acting <u>within</u> the scope of his employment. This statute does not establish a compensatory scheme or cause of action against the United States for violations of the U.S. Constitution.

Therefore, based on the above information, other than your own self-serving assertion, there is no evidence to support your allegations that you have suffered any injuries due to the negligent acts or omissions by the United States. Therefore, your claim is denied.

You are advised that if you are dissatisfied with our determination in this matter, you are afforded six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court.

Sincerely,

Lisa M. Sunderman
Regional Counsel

cc: USP Atlanta / ATTN: FTCA Coordinator



Exhibit # F 2 of 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

GERALD A. WEST
PLAINTIFF'S

-VS-

1. C/O C. PEOPLES

2. C/O ROSA

DEFENDANTS

PROOF OF SERVICE

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 23 2009

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES THAT HE FILED THIS BIVENS ACTION (403 U.S. 388 (1971)); WITHIN THE U.S. DISTRICT COURT; ON 11/17/09; AND SERVED A COPY OF IT ON THE FEDERAL BUREAU OF PRISONS, 320 FIRST ST N.W. WASHINGTON D.C. 20534

DATED 11/17/2009

[signature]
MR GERALD A. WEST
54421-060
P.O. BOX 33
TERRE HAUTE, INDIANA
47808
PRO SE PLAINTIFF

Filed1120'09USDCFln4PM1134